**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE DOES 1-10, individually and on behalf of others similarly situated; JOHN DOES 1-10, individually and on behalf of others similarly situated,<br><br>    Plaintiffs-Appellees,<br><br> v.<br><br>UNIVERSITY OF WASHINGTON, a Washington public corporation; PERRY TAPPER, Public Records Compliance Officer at the University of Washington, in his official capacity,<br><br>    Defendants-Appellees,<br><br> v.<br><br>DAVID DALEIDEN, an individual,<br><br>    Defendant-Appellant. | No. 20-35657<br><br>D.C. No. 2:16-cv-01212-JLR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted May 27, 2021[**]

---

 [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: TASHIMA, McKEOWN, and NGUYEN, Circuit Judges.

David Daleiden again appeals the district court's reinstatement of a preliminary injunction under Washington's Public Records Act ("PRA"), Wash. Rev. Code ch. 42.56, this time only as to Doe plaintiffs 1, 2, and 6. Because the parties are familiar with the facts, we do not repeat them here. We have jurisdiction to review the district court's reinstatement of the preliminary injunction under 28 U.S.C. § 1292(a)(1), and we affirm.

We review the district court's grant of a preliminary injunction for abuse of discretion. *Doe v. Reed*, 586 F.3d 671, 676 (9th Cir. 2009), *aff'd* 561 U.S. 186 (2010). A district court abuses its discretion "if it bases its decision on an erroneous legal standard or clearly erroneous findings of fact." *Id.*

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Since we previously concluded that "the balance of hardships tips precipitously in the favor of the Doe plaintiffs," *Does 1-10 v. Univ. of Wash.*,

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

798 F. App'x 1009, 1010 (9th Cir. 2020), they may also satisfy the first *Winter* factor if they can "show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits," *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (internal quotation marks omitted).

The parties dispute only the first *Winter* factor, namely whether Does 1, 2, and 6 have shown they are likely to succeed on the merits—or that there are serious questions going to the merits—of their claims that the First Amendment requires redaction of their personally identifying information under the PRA.

The district court's determination with respect to the first *Winter* factor was based on its factual finding that there was a "particularized, personal link" between Does 1, 2, and 6 and their claimed First Amendment protected activities. That finding was not "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). Accordingly, we affirm the district court's reinstatement of the preliminary injunction with respect to these Does.

We are not persuaded by Daleiden's other arguments. Reinstatement of the preliminary injunction as to Does 1, 2, and 6 did not violate the rule of the mandate or the law of the case, and the Doe plaintiffs' motion to reinstate the preliminary injunction was not a successive motion. Contrary to Daleiden's contention, they

have sought but one preliminary injunction and continue to litigate the scope of that injunction on account of Daleiden's successive interlocutory appeals. Finally, Daleiden waived his argument that reinstatement of the preliminary injunction as to absent class members misapplied the First Amendment and violated the law of the case—an argument that, at bottom, challenges the district court's class certification order—either by failing to raise it below or, if he did raise it below, by failing to appeal the district court's refusal to consider the issue of decertification.

**AFFIRMED.**[1]

---

[1] We deny Daleiden's request for reassignment to a different district judge.